FILED
JUL 0 3 2012

UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | |
|---|---|
| DANIEL RICHARD AROS, | CIV 11-4136 |
| Petitioner, | |
| -vs- | MEMORANDUM OPINION AND ORDER DISMISSING PETITION |
| JORDAN R. HOLLINGSWORTH, WARDEN - FPC YANKTON, | |
| Respondent. | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Petitioner Daniel Richard Aros, a prisoner at the Federal Prison Camp in Yankton, South Dakota, has petitioned this Court pursuant to 28 U.S.C. § 2241 for habeas corpus relief contending that the trial court in the District of Wyoming wrongly calculated his sentence in light of a 2007 clarifying amendment to the Sentencing Guidelines that became effective after Aros was originally sentenced. In reply to Respondent's argument that the proper procedure to pursue the correction sought by Aros is 28 U.S.C. § 2255, Aros contends that "he is actually innocent of his 2D.1 drug quantity base offense level 36" based on the clarifying amendment, and that relief must be granted under 28 U.S.C. § 2241 to avoid a miscarriage of justice.

On October 15, 2002, Aros was convicted by a jury of conspiracy to traffic in methamphetamine. Aros's conviction was affirmed on November 5, 2003. *See United States v. Martinez*, 77 Fed. Appx. 490 (10th Cir. 2003). On January 13, 2005, Aros filed his first motion under 28 U.S.C. § 2255, which the district court denied in April of 2006. On February 16, 2007, the Tenth Circuit denied Aros a certificate of appealability on his first 28 U.S.C. § 2255 motion.

Although Aros did not file a request under 28 U.S.C. § 2255(h) with the Tenth Circuit asking that a second or successive Section 2255 motion be certified, in February of 2011, Aros filed a motion with the Wyoming district court seeking permission to file a second or successive § 2255

motion seeking substantially the same relief that he seeks in the 28 U.S.C. § 2241 petition before this Court. That motion to file a second or successive § 2255 motion was denied by the Wyoming district court on May 12, 2011.

Aros has not presented any persuasive authority that this Court has jurisdiction to provide the relief he requests under 28 U.S.C. § 2241. Although Aros may be able to move the sentencing court for relief under 18 U.S.C. § 3582(c)(2),[1] the sentencing court, not this Court, has the authority to make that determination. *See Miner v. Roy*, 2011 WL 5416311 at *7 n.7 (S.D.Tex Nov. 8, 2011) ("The more appropriate vehicle for collaterally attacking a sentence based on a clarifying amendment is a motion pursuant to 18 U.S.C. § 3582(c)(2).").

IT IS HEREBY ORDERED that Aros' petition under 28 U.S.C. § 2241 is dismissed for lack of jurisdiction.

Dated this 3rd day of July, 2012.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK
BY: _____
(SEAL)       DEPUTY

---

[1] 18 U.S.C. § 3582(c)(2) provides that "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."